# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00057-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| NIKOLE ROBBINS ENGLISH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reconsideration 18 U.S.C. 3742(e) Post Sentencing Rehabilitation Programing" [Doc. 24].

The Defendant moves pursuant to 18 U.S.C. § 3742(e) for a reduction of sentence based on her rehabilitation efforts while in the Bureau of Prisons and the hardship that her incarceration imposes on her family. Section 3742(e) provides guidance for the review of sentences by the Court of Appeals on direct appeal. This section does not authorize the reduction of a defendant's sentence by a district court. Accordingly, to the extent that the Defendant seeks relief under § 3742(e), her motion is denied.

The Court may modify a term of imprisonment only in a limited number of circumstances. In the future, the Defendant may seek a modification of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction of sentence due to "extraordinary and compelling reasons." Such motion may be filed by the Director of the Bureau of Prisons or by the Defendant herself, but only after she has fully exhausted all administrative rights to appeal a failure of the Director to bring such a motion on her behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier. See id.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reconsideration 18 U.S.C. 3742(e) Post Sentencing Rehabilitation Programing" [Doc. 24] is **DENIED.**

**IT IS SO ORDERED.**

Signed: August 5, 2019

Martin Reidinger
United States District Judge